Richard A. Sadlock, Esquire
FREEBURN & HAMILTON, PC
ID No. 47281
2040 Linglestown Road, Ste. 300
Harrisburg PA  17110
(717) 671-1955
rsadlock@freeburnlaw.com                                    Attorney for Plaintiff
_____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RENEE L. NUNEMAKER<br>3 Liberty Street<br>Gettysburg, PA 17325 | : CIVIL ACTION LAW<br>:<br>: NO.:<br>: |
| v. | : |
| JEAN PIERE PERALTA<br>2872 West 8580 South, #223<br>West Jordan, UT 84088 | :<br>:<br>: |
| and | : |
| CORPORATION OF THE PRESIDING<br>BISHOP OF THE CHURCH OF<br>JESUS CHRIST OF LATTER-DAY<br>SAINTS<br>60 E S Temple Ste. 1800<br>Salt Lake City, UT 84111 | :<br>:<br>:<br>:<br>:<br>: |

**COMPLAINT**

**JURISDICTION**

1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1332(a)(1) in that the amount in controversy is in

excess of Seventy-Five Thousand ($75,000.00) Dollars and/or any other such dollar amount set forth therein, exclusive of interest and costs, and is between citizens of different States.

## PARTIES

2. Plaintiff, Renee Nunemaker, is an adult individual who resides at 3 Liberty Street, Gettysburg, Adams County, Pennsylvania 17325.

3. Defendant, Jean Piere Peralta, is an adult individual who resides at 2872 West 8580 South, #223, West Jordan, Utah 84088.

4. Defendant, Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints (Hereinafter referred to as "Church of LDS"), is a corporation – sole, organized under the laws of Utah with offices at 60 E S Temple Ste 1800 Salt Lake City, Utah 84111.

5. At all times relevant hereto, Defendant, Jean Piere Peralta, was acting as the agent, ostensible agent, servant and/or employee of Defendant, Church of LDS, and was acting within the course and scope of said agency, ostensible agency or employment with Defendant, Church of LDS.

6. At all times relevant hereto, Defendant, Church of LDS, was the owner of a 2012 Ford Fusion registered in Pennsylvania, that was being operated by Defendant, Jean Piere Peralta.

## FACTUAL ALLEGATIONS

7. The facts and occurrences hereinafter related took place on or about December 10, 2012, at approximately 12:58 p.m., on Bon Ox Road at its intersection with Fleshman Mill Road, Gettysburg, Adams County, PA.

8. At that time and place, Defendant, Jean Piere Peralta, was a missionary for the Church of LDS, temporarily living at 68 East Middle Street, 2nd Floor, Gettysburg, Adams County, PA.

9. At that time and place, Defendant, Jean Piere Peralta, was operating the 2012 Ford Fusion owned by Defendant, Church of LDS (Hereinafter referred to as "Defendant's vehicle").

10. At that time and place, Defendant, Jean Piere Peralta, drove Defendant's vehicle east on Fleshman Mill Road and approached the intersection of Fleshman Road and Bon Ox Road. Traffic traveling on Fleshman Mill Road at its intersection with Bon Ox Road is controlled by a stop sign.

11. At or about that time and place, Plaintiff was traveling southbound on Bon Ox Road and began traveling through its intersection with Fleshman Mill Road.

12. At or about that time and place, Defendant, Jean Piere Peralta, without warning, failed to stop at the posted stop sign and drove into the intersection of Fleshman Mill Road and Bon Ox Road and in front of Plaintiff's vehicle.

13. As a result of Defendant, Jean Piere Peralta's actions and/or omissions, Plaintiff's vehicle struck Defendant's vehicle, resulting in Plaintiff sustaining serious injuries.

14. By reason of the aforesaid collision, Plaintiff, Renee Nunemaker, suffered painful and severe injuries to his nerves, bones and soft tissues, which include, but are not limited to, a fractured femur.

15. By reason of the aforesaid collision, Plaintiff, Renee Nunemaker, suffered a heightened possibility that she will suffer other or additional injuries in the future and claim is made therefore.

16. By reason of the aforesaid collision, the injuries suffered by Plaintiff, Renee Nunemaker, may have aggravated or been aggravated by an existing infirmity, condition or disease, resulting in a prolongation or worsening of the injuries and an enhanced risk of future harm to Plaintiff, Renee Nunemaker and claim is made therefore.

17. By reason of the aforesaid collision and injuries, Plaintiff, Renee Nunemaker, has been forced to incur liability for reasonable and necessary medical tests, medical examinations, medical treatment, medications, hospitalizations and similar expenses in an effort to diagnose her injuries and to restore his health, and claim is made therefore.

18. Plaintiff, Renee Nunemaker, has not fully recovered from his injuries and it is reasonably likely that she will incur similar expenses in the future, and claim is made therefore.

19. By reason of the aforesaid collision and injuries, Plaintiff, Renee Nunemaker, has suffered a loss of earnings and earning capacity and is entitled to recover the value of the time, earnings and employment benefits she has lost and which she might

reasonably have earned in the pursuit of her ordinary calling, and claim is made therefore.

20. By reason of the aforesaid collision and injuries, Plaintiff, Renee Nunemaker, has suffered a loss or impairment of future earning capacity, and claim is made therefore.

21. By reason of the aforesaid collision and injuries, Plaintiff, Renee Nunemaker, has incurred incidental costs and expenses the exact amount of which cannot be ascertained at this time, and claim is made therefore.

22. By reason of the aforesaid collision and injuries, Plaintiff, Renee Nunemaker, has undergone and in the future will undergo great physical and mental pain and suffering, great inconvenience in carrying out her daily activities, loss of life's pleasures and enjoyment, and claim is made therefore.

23. By reason of the aforesaid collision and injuries, Plaintiff, Renee Nunemaker, has been subjected to severe humiliation, embarrassment, shame, worry and anger.

24. By reason of the aforesaid collision and injuries, Plaintiff, Renee Nunemaker, has been subjected to mental anguish, emotional distress, nervous shock, fright and horror.

25. By reason of the aforesaid collision and injuries, Plaintiff, Renee Nunemaker, will continue to endure mental anguish, emotional distress, shame, worry and anger in the future.

26. By reason of the aforesaid collision and injuries, Plaintiff, Renee Nunemaker, has been deprived of her enjoyment of the pleasures of life.

27. By reason of the aforesaid collision and injuries, Plaintiff, Renee Nunemaker, continues to be plagued by persistent pain and limitation and therefore, avers that her injuries may be of a permanent nature, causing residual problems, pain and limitations for the remainder of her lifetime, and claim is made therefore.

28. By reason of the aforesaid collision and injuries, Plaintiff, Renee Nunemaker, has suffered a disfigurement, and claim is made therefore.

## COUNT I – NEGLIGENCE

**Renee L. Nunemaker, Plaintiff v. Jean Piere Peralta, Defendant**

29. Paragraphs 1-28 are incorporated herein by reference thereto.

30. The aforesaid collision and all the injuries and damages set forth herein suffered by Plaintiff, Renee Nunemaker, are the direct and proximate result of the negligence, and careless, manner with which Defendant, Jean Piere Peralta, operated his motor vehicle as aforesaid and as follows:

    a. In failing to have his vehicle under proper and adequate control;

    b. In negligently moving his vehicle forward without properly checking the surrounding area and for oncoming traffic;

    c. In failing to observe Plaintiff's vehicle;

    d. In failing to operate his vehicle in accordance with his surroundings and the existing conditions;

    e. In failing to keep a reasonable look-out for oncoming vehicles and traffic such as Plaintiff;

    f. In operating the vehicle so as to create a dangerous situation for oncoming vehicles and traffic such as Plaintiff;

    g. In failing to check or to properly or adequately check for oncoming traffic in all directions before moving his vehicle forward;

 h. In failing to perform a visual search or an adequate visual search;

 i. In negligently checking for oncoming traffic before pulling his vehicle forward;

 j. In failing to operate his vehicle with the high degree of caution and care required under the circumstances then and there existing;

 k. In permitting his vehicle to block the roadway and cause Plaintiff's vehicle to strike Defendant's vehicle;

 l. In operating the Defendant's vehicle so as to create a dangerous situation for others;

 m. In moving the Defendant's vehicle when it was not safe to do so;

 n. In operating the Defendant's vehicle while distracted;

 o. In failing to have the Defendant's vehicle under proper and adequate control;

 p. In failing to apply his brakes in time to avoid the collision;

 q. In negligently applying his brakes;

 r. In failing to observe Plaintiff's vehicle on the roadway;

    s.    In failing to operate the Defendant's vehicle in accordance with existing traffic conditions and traffic controls;

    t.    In permitting or allowing the Defendant's vehicle to come into Plaintiff's path of travel causing Plaintiff to strike and collide with Defendant's vehicle;

    u.    In failing to exercise the high degree of care required of a motorist entering an intersection;

    v.    In failing to properly observe traffic signals controlling the intersection and/or Defendant's direction of travel;

    w.    In failing to prudently proceed through the intersection so as to avoid creating a dangerous situation for other vehicles on the roadway;

    x.    In failing to observe oncoming traffic;

    y.    In rushing and failing to take the time, and the degree of caution necessary to ensure that it was safe to move; and

    z.    In failing to anticipate the danger involved in moving the Defendant's vehicle.

31.    Defendant's conduct, as set forth above, was in violation of the Pennsylvania Motor Vehicle Code, including but not limited to 75 Pa. C.S. §3323, §3321, §3324, and/or §3714, which is intended to protect to protect persons lawfully on the roadway such as

Plaintiff, Renee Nunemaker, from personal injury, and thus constitutes negligence per se.

32. Plaintiff, Renee Nunemaker, is entitled to recover non-economic damages because, *inter alia*, she is an insured under an automobile insurance policy that provided the full tort option.

## COUNT II – VICARIOUS LIABILITY

### Renee L. Nunemaker v. Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints

33. Paragraphs 1-32 are incorporated herein by reference thereto.

34. At all times relevant hereto, Defendant, Jean Piere Peralta, was acting as the agent, ostensible agent, servant and/or employee of Defendant, Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints, and was acting within the course and scope of said agency, ostensible agency or employment and/or to further the interests, activities, affairs and business of Defendant, Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints.

35. Defendant, Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints, is vicariously liable for the actions and/or omissions of Defendant, Jean Piere Peralta.

## COUNT III – NEGLIGENCE

### Renee Nunemaker v. Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints

36. Paragraphs 1-35 are incorporated herein by reference thereto.

37. It is believed that after a reasonable opportunity for further investigation or discovery, there will be evidentiary support to show that the injuries and damages set forth herein suffered by Plaintiff, Renee Nunemaker, are also the direct and proximate result of the negligence of Defendant, Church of Jesus Christ of Latter-Day Saints, by and through its agents, ostensible agents, servants, workmen, employees and/or owners, as set forth above and as follows:

    a.    In failing to adequately train, supervise, educate and manage its employees, agents, ostensible agents and representatives;

    b.    In negligently hiring or retaining its employee, agent, ostensible agent and/or representative;

    c.      In failing to provide an appropriate vehicle or means of transportation;

    d.      In failing to maintain its vehicle or means of transportation;

    e.      In failing to inspect its vehicle or means of transportation;

    f.      In entrusting its vehicle to Defendant, Jean Piere Peralta, who it knew or should have known lacked sufficient skill, judgment and prudence in the operation of the vehicle and/or would likely use the vehicle or conduct himself in such a manner as to create an unreasonable risk of harm to others;

    g.      In failing to adequately instruct Defendant, Jean Piere Peralta, in the safe operation of the vehicle prior to entrusting it to him;

    h.      In failing to ascertain that Defendant, Jean Piere Peralta, lacked the ability necessary to safely operate the vehicle under the circumstances; and

    i.      In failing to properly supervise Defendant, Jean Piere Peralta, in the operation of its vehicle to ensure compliance with the Pennsylvania Motor Vehicle Code.

WHEREFORE, Plaintiff, Renee Nunemaker, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints, in an amount in

excess of SEVENTY-FIVE THOUSAND & 00/100 DOLLARS ($75,000.00) plus interest, delay damages and costs.

                          Respectfully Submitted,

                          **FREEBURN & HAMILTON, PC**

        By: _____
                          Richard A. Sadlock, Esquire
                          I.D. No. 47281
                          2040 Linglestown Road, Suite 300
                          Harrisburg, PA   17110
                          (717) 671-1955

Date:  09/25/14            Counsel for Plaintiff

## VERIFICATION

I hereby verify that the statements in the foregoing document are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. Section 4904, relating to unsworn falsification to authorities.

Dated: 9-7-2014

_____
RENEE L. NUNEMAKER